AMERICAN PASTRY PRODUCTS CORPO-
RATION v. UNITED PRODUCTS COR-
PORATION.

No. 3190.

District Court, D. Massachusetts.
Sept. 26, 1930.

Jesse A. Holton, of Boston, Mass., for plaintiff.

Saml. Markell and Goulston & Storrs, all of Boston, Mass., for defendant.

MORTON, District Judge.

The basic law of the case is settled by the opinion of April 1, 1930. (D. C.) 39 F.(2d) 181. The principal questions referred to the master, as indicated in the opinion and the conference with counsel, were: (1) Whether United Products Company, Inc., was entitled to the benefits of the license granted by the plaintiff to United Products Corporation, (2) whether there had been any sales in unlicensed territory by the defendants, and (3) whether United Products Company, Inc., which was not a party to the original suit, was bound by the injunction so as to be in contempt for violations of it.

The master has found that United Products Corporation has not been guilty of any contempt of the injunction. This finding is not seriously questioned and disposes of the proceedings against that defendant. The master also found that no sales were made in unlicensed territory.

The remaining questions relate to United Products Company, Inc. This company succeeded to the business of United Products Corporation. It is controlled by one of the enjoined defendants, and others of them are directly or indirectly interested in its activities. There is no finding that it was organized for the purpose of evading the injunction, nor that it is a mere cover for the enjoined defendants. The ownership of its stock is not stated. The master finds that it is "in privy (sic) with the defendants," Werlin, Smith, and Lichter who were enjoined; and that it was their "agent" within the language of the injunction. It is unnecessary to decide whether the facts found—there being no finding of collusion—brought it as a corporation within the injunction, because on other grounds I am of opinion that it was not in contempt.

United Products Company, Inc., manufactured and sold Icypis, in the territory covered by the license. On the findings it was in contempt unless protected by the license. As above stated the individual defendants were all interested in United Products Company, Inc., and took part in its activities. They stand or fall with it. The question as to all is whether United Products Company, Inc., succeeded to the rights of United Products Corporation under the license agreement with the plaintiff. The master found that it did not, and consequently found that all were in contempt.

This finding is challenged as clearly wrong. The uncontradicted evidence was that in October, 1928, a number of concerns engaged in this business transferred their assets to the National Pastry Products Corporation, which in turn by simultaneous conveyances retransferred the assets to several corporations in which, under the new arrangement, it owned all the stock. United Products Company, Inc., was organized in this connection to receive the assets and carry on the business of United Products Corporation. The license from the plaintiff to that corporation was not specifically assigned to the new company and no notice of the change of parties was given to the plaintiff. Those in charge of United Products Company, Inc., evidently assumed that it succeeded to the license and was bound by its terms. There was no effort at concealment. United Products Company, Inc., in its own name made royalty reports to the plaintiff and paid royalties as called for by the agreement. These reports and payments were accepted by the plaintiff without objection. The plaintiff, acting under the license agreement, put accountants on the books of United Products Company, Inc., and checked up the royalty reports and payments. Plates for advertising Icypis and dies for making them were furnished to United Products Company, Inc., with the knowledge and assent of the plaintiff.

In the present petition for attachment the plaintiff repeatedly asserts that United Products Company, Inc., was bound by the terms of the license agreement and has broken its contract with the plaintiff by disregarding them. For instance, in clause 9 the plaintiff alleges "that the defendants jointly and severally and intentionally, and particularly the United Products Company, Inc., have failed to perform specifically Paragraph 2 of the License Agreement hereinbefore referred to, in that," etc. The same allegation is made in clauses 10 and 12 as a foundation for other alleged breaches of the License Agreement by United Products Company, Inc. If these facts and allegations do not amount to a ratification by the plaintiff of the informal transfer of the license to United Products Company, Inc., it is not easy to see what conduct and statements could have that effect. The plaintiff now asserts that it never assented to the transfer of the license and was not aware that it was dealing with a different licensee than the United Products Corporation, and that the license never was transferred. The master, in spite of facts which might well have made him cautious, accepted at their face value these rather extreme assertions of ignorance, disregarding the facts and allegations above referred to as well as other circumstances tending in the same direction. In doing so he seems to me to have been very clearly in error as a matter of law. For the plaintiff with the royalty money from United Products Company, Inc., in its pocket, and with its petition on file alleging that the United Products Company, Inc., has broken the license agreement, to say as it now does, that United Products Company, Inc., never succeeded to the license and was an infringer, because no formal notice of the change of parties was given, is a repudiation of its own statements in the pending petition and presses a technicality altogether too far.

Moreover, the bill in equity brought by the plaintiff against these defendants in the state court is at least susceptible of the construction that the plaintiff was there asserting contractual rights under the license agreement against the United Products Company, Inc. The plaintiff has repeatedly asserted in these proceedings that it regards the license agreements as still subsisting, with the object perhaps of estopping the defendants from attacking the validity of the patents; and there is a possibility that the present proceedings are really brought to gain an advantage for the plaintiff in the controversy over the license agreement pending in the state court.

On all the evidence it is plain, I think, that the plaintiff either understood and assented to the informal transfer of the license to the United Products Company, Inc., or is estopped from saying that it did not do so. I find and rule accordingly. The individual defendants committed no separate acts of infringement in violation of the injunction. They are brought in only because of their relations to United Products Company, Inc.

It follows that they are protected by the license to that company. The master's findings against them rest on his erroneous views as to the transfer of the license and must be set aside.

I find the facts and rule the law as above stated.

Decrees may be presented by the defendants sustaining their exceptions to the master's report in accordance with this opinion and dismissing the petition for attachment with all legally allowable costs.